

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Maurice S. Pipkin
Executive Director
State Commission on Judicial Conduct
P. O. Box 12265
Austin, Texas    78711

Honorable Henry Wade
Criminal District Attorney
6th Floor, Records Building
Dallas, Texas    75202

Opinion No. MW-554

Re:  Whether justices of the peace who have served two terms are required to take the 20-hour yearly course established under article 5972, V.T.C.S.

Gentlemen:

You have requested our opinion regarding whether justices of the peace who have served two terms prior to the effective date of the 1973 amendment to section 1(b) of article 5972, V.T.C.S., are required to take the 20-hour annual course established by this amendment.

Articles 5970-5990 describe the procedure for the removal of certain county officials by a district judge. Article 5972 prescribes the standard for removal for "incompetency." In 1971, article 5972 was amended by House Bill No. 168 of the Sixty-second Legislature, Acts 1971, 62d Leg., ch. 241, at 1110. House Bill No. 168 reads as follows:

> Section 1. Article 5972, Revised Civil Statutes of Texas, 1925, is amended to read as follows:
>
> Art. 5972. 'Incompetency.'
>
> (a) By 'incompetency' as used herein is meant gross ignorance of official duties, or gross carelessness in the discharge of them; or an officer may be found to be incompetent when, by reason of some serious physical or mental defect, not existing at the time of his election, he has become unfit or unable to discharge promptly and properly the duties of his office.

(b)  In the case of a justice of the peace who is not a licensed attorney, 'incompetency' also includes the failure to successfully complete within one year from the date he is first elected, or if he is in office on the effective date of this Act, one year from the effective date of this Act, a forty-hour course in the performance of his duties; said course to be completed in any accredited state-supported school of higher education.

Sec. 2.  Persons having served two terms or more as a duly elected justice of the peace are exempted from provisions of subsection (b) of this Act.  (Emphasis added).

Sec. 3.  [Emergency clause]

Section 1 of House Bill No. 168 amended article 5972 in its entirety.  Section 2 of House Bill No. 168, which provided an exemption from the 40-hour course for persons with two or more terms of service, was not part of the amended article 5972, V.T.C.S.  It was published in the annotated statutes as a footnote to article 5972, V.T.C.S.

In 1973, the legislature amended subsection (b) of article 5972, V.T.C.S., by enacting House Bill No. 81.  Acts 1973, 63rd Leg., ch. 640, at 1758.  The 1973 legislation reads as follows:

Section 1.  Subsection (b).  Article 5972, Revised Civil Statutes of Texas 1925, as amended, is amended to read as follows:

(b)  In the case of a justice of the peace who is not a licensed attorney, 'incompetency' also includes the failure to successfully complete within one year from the date he is first elected, or if he is in office on the effective date of this Act, one year from the effective date of this Act a forty-hour course in the performance of his duties and a twenty-hour course each year hereafter; said course to be completed in any accredited state-supported school of higher education.

Sec. 2.  [Emergency clause]

House Bill No. 81 amended article 5972, V.T.C.S., but did not enact an exemption for persons having served two terms.  The exemption found in

section 2 of House Bill No. 168 was never part of article 5972, V.T.C.S., and cannot be read to apply to subsequent amendments of that statute. We note that section 2 of the 1971 enactment expressly refers to "subsection (b) of this Act," that is, of House Bill No. 168 of the Sixty-second Legislature. (Emphasis added). By its express terms, section 2 exempts from the 40-hour course requirement persons who had served two terms or more as a duly elected justice of the peace as of the 1971 effective date of House Bill No. 168. It does not purport to exempt these persons from any other requirement.

The bill analysis to the 1973 amendment supports our conclusion. It provides in part:

1.   BACKGROUND

Under current law non-attorney justices of the peace are required to complete a 40 hour course their first year. In order to upgrade their profession and office, the Justice of the Peace Association recommends a change in favor of 'continuing legal education.'

2.   PURPOSE

To require Justices of the Peace to take 20 hours of higher level education each year in order to upgrade the office.

Bill Analysis to House Bill No. 81, 62d Leg., filed in Bill File to H.B. No. 81, Legislative Reference Library. The bill analysis assumes that as of 1973 all non-attorney justices of the peace were required to complete the 40-hour course their first year and describes a continuing education requirement for all such justices. Implicit in the analysis is the understanding that the 1971 exemption no longer operates to exempt any justice of the peace from either course. The legislature could have reasonably assumed that all non-attorney justices could benefit from a yearly course presenting recent developments in the law.

In conclusion, we believe that article 5972, V.T.C.S., requires all non-attorney justices of the peace to take a twenty-hour course each year after his first year in office.

S U M M A R Y

Article 5972, V.T.C.S., defines incompetency with respect to a justice of the peace who is not a licensed attorney as the failure to successfully complete a twenty-hour course each year after his

first year in office.  There is no exemption from
this provision for persons who had served two or
more terms as a justice of the peace prior to its
enactment.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger